**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10616 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-01002-GMS |
| v. | |
| JESUS ALBERTO GONZALEZ-MEZA, a.k.a. Jesus Beltran, a.k.a. Jesus Gonzalez-Meza, a.k.a. Jesus A Mesa-Gonzalez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted September 27, 2011[**]

Before:     HAWKINS, SILVERMAN, and W. FLETCHER, Circuit Judges.

Jesus Alberto Gonzalez-Meza appeals from the 49-month sentence imposed

following his guilty-plea conviction for reentry of a removed alien, in violation of

8 U.S.C. § 1326(a).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Gonzalez-Meza contends that the district court erred by relying upon improper factors at sentencing. The record reflects that the district court properly considered the sentencing factors set forth in 18 U.S.C. § 3553(a), including the need to avoid unwarranted sentence disparities. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc); 18 U.S.C. § 3553(a)(6). Gonzalez-Meza's contention that the district court improperly considered his apparent favorable prosecutorial treatment during a prior criminal immigration case is without merit.

Gonzalez-Meza further contends that the district court procedurally erred by failing to adequately explain the sentence, and that the sentence is substantively unreasonable. The record reflects that the district court sufficiently explained the sentence imposed. *See Carty*, 520 F.3d at 992. Moreover, and in light of the totality of the circumstances, the sentence below the Guidelines range is substantively reasonable. *See id.* at 993; *see also United States v. Orozco-Acosta*, 607 F.3d 1156, 1167 (9th Cir. 2010) (staleness of a prior conviction did not render sentence substantively unreasonable where the case presented "other aggravating sentencing considerations").

Finally, as Gonzalez-Meza concedes, his contention that his sentence violates the Sixth Amendment because the fact of his prior conviction was not

proven to a jury beyond a reasonable doubt is foreclosed.  *See Almendarez-Torres*

*v. United States*, 523 U.S. 224 (1998).

**AFFIRMED.**